UNITED STATES, to Use of TRUSCON STEEL CO. v. GEORGE DREYMAN, Inc., et al.

Civil Action No. 3095.

District Court, W. D. Pennsylvania.

April 16, 1945.

Roy G. Bostwick, Jas. S. Crawford, III, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for plaintiff.

E. W. Arthur, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

Plaintiff has moved for judgment on the pleadings under Rule 12(c), 28 U.S.C.A. following section 723c.

The undisputed facts, as disclosed by the complaint, and answer, may be briefly stated as follows:

Defendant George Dreyman, Inc., entered into a contract with the United States whereby it agreed to provide all labor and to furnish all material for the construction of the Scott Township Defense Housing Project No. PA. 36212X located in Scott Township, Allegheny County, Pennsylvania. In support thereof the defendants herein gave three bonds to the United States, whereby they became bound to make payment promptly to all persons supplying labor and materials for said project.

The use-plaintiff contracted with defendant George Dreyman, Inc., to furnish steel windows for said project for $10,000, which sum defendant George Dreyman, Inc., agreed to pay on terms of net cash within thirty days of each shipment. This contract consisted of the purchase-order issued by George Dreyman, Inc., under date of July 30, 1941 (Exhibit B attached to the complaint), and Truscon Steel Company's letter of acceptance (Exhibit C). By these two exhibits it appears that the terms of payment agreed upon was net cash, thirty days, without discount.

By agreement of the parties, galvanized steel wire was substituted for the bronzed wire cloth specified in the contract, which

reduced the price to be paid by George Dreyman, Inc., from $10,000 to $9930.

Deliveries of the materials contracted for were made by use-plaintiff in performance of the contract between October 2, 1941, and May 5, 1942. Defendant George Dreyman, Inc., made payments thereon between December 19, 1941, and January 13, 1943, leaving a balance due and payable to the use-plaintiff in the sum of $990, with interest from April 19, 1942. Defendants do not deny this indebtedness, but aver it is not presently due by reason of the contract Exhibit B, which provides that only ninety percent of the value of the work performed by the subcontractor during the preceding calendar month shall be paid, and that the balance shall be payable sixty days after the completion of the work and actual payment by the owner to the contractor of the full contract price called for by the contract-documents. This payment to George Dreyman, Inc., had not been made at the time this suit was brought.

In making this contention, defendants entirely overlook the acceptance-letter of plaintiff (Exhibit C), which states, inter alia:

"Your order has been entered under material terms of payment of net thirty days, no discount allowable. * * * *

"Both copies of your agreement, properly executed by this company, subject to the foregoing, are enclosed. Please execute and return one copy to us promptly to complete our files. * * *"

Under the circumstances, when defendant George Dreyman, Inc., signed the contract (Exhibit B), and returned it to use-plaintiff, the contract between the parties included the terms of payment stated in the latter of acceptance (Exhibit C).

Paragraph 10 of the complaint alleges that according to the contract, defendant George Dreyman, Inc., agreed to pay for the material furnished $10,000 on terms of net cash within thirty days from the date of each shipment. By their answer filed August 22, 1944, defendants admit the allegations of said paragraph 10 without any qualifications.

■ On the date of the argument of the use-plaintiff's motion for judgment, defendants filed a supplemental answer denying that they agreed to pay for the material on terms of net cash within thirty days from the date of each shipment, and aver that all payments were to be made in accordance with the provisions of Article 14 of plaintiff's Exhibit "B". This supplemental answer does not raise any issue as to the facts of the case, but only avers the legal conclusion of defendants as to the effect to be given to Exhibit B attached to the complaint.

■ We cannot consider that exhibit alone as determining the rights and liabilities of the parties to this action. We must also consider the letter of acceptance of the contract Exhibit C, which clearly shows that the contract Exhibit B was modified by Exhibit C as to terms of payment. When we give effect to both these exhibits, the conclusion is inevitable that payments were to be made to the Truscon Steel Company "on terms of net cash within thirty days from each shipment".

Therefore the use-plaintiff's motion for summary judgment must be granted. Plaintiff may submit an order accordingly on notice to opposing counsel.